IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexander Lidge Jr., ) | Civil Action No.: 4:12-2205-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Mohawk ESV, Inc., ) | |
| ) | |
| Defendant. ) | |

On August 3, 2012, Plaintiff Alexander Lidge, Jr. ("Plaintiff") filed this action against Mohawk ESV, Inc. ("Defendant") alleging claims against his former employer for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. §§ 2000e *et seq*. ("Title VII").

On August 12, 2013, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (ECF No. 44.)  Plaintiff filed a response in opposition on August 29, 2013, with additional attachments filed on August 30, 2013 (ECF Nos. 47 & 53) and Defendant filed a reply on September 19, 2013 (ECF No. 55.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Kaymani D. West for consideration of pretrial matters.  The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted.  Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 61) and Defendant filed a reply.  (ECF No. 63.)  For the reasons set forth herein, this Court adopts the Report and Recommendation and Defendant's Motion for Summary Judgment

is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed this matter on August 3, 2012, alleging race discrimination and retaliatory treatment related to his employment. (ECF No. 1.) Plaintiff alleges he was harassed and treated differently on the basis of race throughout the course of his employment. (ECF No. 1 at 2-3.) On August 12, 2013, Defendant moved for summary judgment. (ECF No. 44.) After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 47), several documents submitted in support of the opposition (ECF No. 53), and Defendant's reply (ECF No. 55), the Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted. (ECF No. 59.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

In the absence of direct evidence of a violation, the Magistrate Judge addressed Plaintiff's Title VII race discrimination claim under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). (ECF No. 59 at 12.) Under the *McDonnell Douglas* test, the plaintiff has the initial burden of establishing a prima facie case of discrimination by presenting facts showing that: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and 4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (internal citations omitted). If the plaintiff meets this burden, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If the employer is able to do so, the plaintiff must then show that the employer's stated reasons were not its true reasons, but were instead a pretext for discrimination. *Id.*; *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004)(noting that the burden-shifting method is a means of averting summary judgment).

For the purpose of her analysis, the Magistrate Judge assumed without deciding that Plaintiff set forth a prima facie case of racial discrimination and thus focused on Defendant's non-discriminatory reason for terminating Plaintiff as well as Plaintiff's demonstration of pretext. (ECF No. 59 at 15.) Even assuming a prima facie case, the Magistrate Judge concluded that Plaintiff failed to set forth sufficient evidence to demonstrate Defendant's explanation for his termination was merely pretextual. (ECF No.

59 at 15, 19.) Thus, the Magistrate Judge recommends summary judgment be granted as to Plaintiff's Title VII claim that he was wrongfully terminated on the basis of race. (ECF No. 59 at 23.)

The Magistrate Judge also considered Plaintiff's Title VII retaliation claim pursuant to the *McDonnell Douglas* burden-shifting framework set forth above. In order to establish a prima facie case for retaliation under Title VII, a plaintiff must show that: 1) he engaged in a protected activity; 2) the employer took an adverse employment action against him; and 3) a causal connection existed between the protected activity and the asserted adverse action. *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2011). If the plaintiff is able to establish a prima facie case of retaliation, the burden then shifts to employer to articulate a legitimate non-retaliatory reason for its action and then back to the plaintiff to prove that the reason given by the employer is a pretext for unlawful retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). The Magistrate Judge found that Plaintiff failed to establish a prima facie case of retaliation due to the significant five-year lapse of time between Plaintiff's purported protected activity and the discharge. (ECF No. 59 at 26-27.) Accordingly, the Magistrate Judge recommends that summary judgment be granted as to Plaintiff's claims of retaliation in violation of Title VII. (ECF No. 59 at 28.)

Plaintiff filed objections to the Magistrate Judge's recommendation outlining five points of error: 1) Plaintiff objects to the Magistrate Judge's determination that Plaintiff's claims regarding break taking, tool-availability, and workload are not "adverse employment actions" for purposes of setting forth a prima facie case of disparate treatment; 2) Plaintiff objects to the Magistrate Judge's determination that Plaintiff did not establish that he was

performing up to Defendant's legitimate employment expectations at the time he was terminated; 3) Plaintiff objects to the Magistrate Judge's determination that Plaintiff did not provide sufficient evidence regarding similarly situated employees to show discriminatory intent or to support a finding of pretext; 4) Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to prove that Defendant's legitimate nondiscriminatory reason for terminating Plaintiff was pretext; and 5) Plaintiff objects to the Magistrate Judge's determination that Plaintiff's claims of race discrimination against an African-American by an African-American are claims of color discrimination and not race discrimination. (ECF No. 61.)  These objections are without merit.

The Court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed the parties' arguments in light of the evidence presented.  First, Plaintiff's objection concerning the Magistrate Judge's very brief discussion regarding the denial of break time and tools, as well as Plaintiff's work load does not call the well-reasoned analysis into question nor raise an issue that was even pertinent to the analysis.  The Magistrate Judge reasonably assumed Plaintiff set forth a prima facie case of racial discrimination, thus, the Court need not further address this objection.  Similarly, Plaintiff's objection regarding the Magistrate Judge's determination that Plaintiff did not establish that he was performing up to Defendant's legitimate employment expectations at the time he was terminated is without merit because the Magistrate Judge's analysis actually assumed that Plaintiff met his employer's legitimate employment expectations as part of the Magistrate Judge's broader assumption that Plaintiff satisfied the elements of a prima facie case of racial discrimination.  Thus, the Court agrees with Defendant here—whether Plaintiff was meeting Defendant's legitimate

performance expectations is ultimately a non-issue, is not central to the Magistrate Judge's analysis, and fails to case any doubt on the non-discriminatory reason offered by Defendant for Plaintiff's discharge.

Additionally, the Court finds that the Magistrate Judge properly addressed Plaintiff's comparator evidence in light of the applicable law and Plaintiff fails present any evidence or compelling arguments otherwise.  Plaintiff's evidence is insufficient—"[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). Further, Plaintiff's objection concerning pretext for unlawful discrimination is little more than a restatement of arguments and facts considered by the Magistrate Judge on this issue.  Plaintiff fails to establish pretext and this Court can find no error in the Magistrate Judge's consideration and conclusion.  Finally, the Court finds no error in the Magistrate Judge's analysis of color discrimination and race discrimination which are distinct claims. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132-133, n.5 (4th Cir. 2002).  The Magistrate Judge fully addressed Plaintiff's claim that he was discriminated against by a member of his own race and concluded the claim has no merit.  (ECF No. 59 at 20-21.)  Plaintiff's objection fails to identify any error in the Magistrate Judge's well-reasoned and supported analysis.

**CONCLUSION**

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required *de novo* review.  After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is

-6-

adopted and incorporated herein by reference. The Magistrate Judge's analysis evidences the great amount of care taken to evaluate the evidence in light of the applicable factors and standards of law. Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 44) is GRANTED and this action hereby DISMISSED.

    IT IS SO ORDERED.

                                          /s/Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
February 25, 2014